**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAVIER SANCHEZ, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Civil No. 3:25-cv-1444-OAW |
| | : | |
| CITY OF HARTFORD, ET AL., | : | |
| *Defendants*. | : | |

**<u>RULING ON DEFENDANTS' MOTION TO DISMISS</u>**

**THIS ACTION** is before the court upon the Motion to Dismiss filed by Defendants City of Hartford (hereinafter, "Hartford") and Hartford Police Department (hereinafter, "HPD").[1]  ECF No. 20.  They argue that Plaintiff Javier Sanchez has failed to state a claim against Hartford pursuant to 42 U.S.C. § 1983 (hereinafter, "Section 1983"), *see* ECF No. 20-1, at 5–13, and that the court lacks subject matter jurisdiction over Plaintiff's claims against HPD, *see id*. at 3–5.

The court carefully has reviewed the Motion, the parties' memoranda of law in support therefor and in objection thereto, and the broader record in this action.  *See* ECF Nos. 1, 20, 20-1, 22, 29, 38.  For the following reasons, the Motion hereby is **<u>GRANTED</u>**.

## I.   <u>BACKGROUND</u>

The court accepts the following allegations from the Complaint and "all reasonable inferences that can be drawn" in Plaintiff's favor "as true" for the purpose of reviewing the Motion to Dismiss.  *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007).

---

[1] Although additional defendants are named in this action, *see* ECF No. 1, at 1–3, only Hartford and HPD submitted the instant Motion to Dismiss, *see* ECF No. 20, at 1.

On February 3, 2022, HPD Detectives Michael Heselton and Frank Verrengia submitted an Application for an Arrest Warrant to The Honorable Nuala Droney of the Connecticut Superior Court. ECF No. 1, ¶ 10. Relying on such Application, Judge Droney found that there was probable cause that Plaintiff had violated Conn. Gen. Stat. §§ 53a-59(a)(1), 53a-217c, and §53a-216, and issued a warrant for Plaintiff's arrest. *Id*., ¶ 11. HPD officers arrested him later that day, and he remained detained until he posted a $750,000 bond on March 11, 2022. *Id*., ¶¶ 12–13. All charges against Plaintiff eventually were dismissed. *Id*.

On September 4, 2025, Plaintiff filed this action for damages stemming from his February 2022 arrest. *Id*., ¶¶ 14–43. He claims that Hartford and HPD violated Section 1983 by depriving him of various federal constitutional rights, and that they violated various sections of the Connecticut Constitution.[2] *Id*. Hartford and HPD now move the court to dismiss his claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3] ECF Nos. 20, 20-1.

## II.    **LEGAL STANDARDS**

To survive dismissal under Rule 12(b)(1), a plaintiff must establish "by a preponderance of the evidence that subject matter jurisdiction exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The reviewing court must "'take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.'" *Schaap v. United States*, No. 3:23-CV-895

---

[2] Plaintiff's other claims against the other defendants are not at issue, and the court therefore declines to recount them. *See* ECF No. 1, ¶¶ 14–43.

[3] Although the Motion to Dismiss styles itself as being brought only under Rule 12(b)(6), HPD's jurisdictional arguments are properly reviewed under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

(OAW), 2025 WL 2379262, at *2 (D. Conn. Aug. 15, 2025) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).  Nevertheless, if the court deems that it "lacks the statutory or constitutional power to adjudicate" a claim, it must dismiss it.  *Makarova*, 201 F.3d at 113.

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The reviewing court must draw all reasonable inferences in the plaintiff's favor.  *Roth*, 489 F.3d at 503. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

Plaintiff brings his federal claims pursuant to Section 1983.  ECF No. 1, ¶¶ 14–43. "The common elements to all [Section] 1983 claims are: '**(1)** the conduct complained of must have been committed by a person acting under color of state law; and **(2)** the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (emphasis added) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Plaintiff's state law claims arise under the Connecticut Constitution.  ECF No. 1, ¶¶ 14–43.  Under 28 U.S.C. § 1367 (hereinafter, "Section 1367"), a federal district court may exercise "supplemental jurisdiction" over state law claims "that are so related" to a plaintiff's federal claim "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  However, "[w]here all federal claims have been dismissed before trial," any state law claims "should be dismissed without prejudice and left for resolution by the state courts."  *Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 515 (D. Conn. 2008) (recognizing that supplemental jurisdiction "is a matter of discretion, not of right") (citing 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (collecting cases)).

## A. *Section 1983 Claim against HPD*

It is well settled that a municipal police department, like HPD, is not a "person" within the meaning of Section 1983.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases).  Because HPD "is not an independent legal entity," but rather a "sub-unit, agency, or instrumentality of [Hartford] through which [Hartford] fulfills its policing function," *see Petaway*, 541 F. Supp. 2d at 510 , it is "not subject to suit" under Section 1983, and the court must dismiss with prejudice the Section 1983 claim against it, *see Nicholson*, 356 F. Supp. 2d at 164 (doing the same); *see also Glossian v. Southington Police Dep't*, No. 24-cv-1406 (SFR), 2026 WL 73709, at *3 (D. Conn. Jan. 9, 2026) (doing the same).

## B. *Section 1983 Claim against Hartford*

Unlike HPD, Hartford "is subject to suit pursuant to [Section] 1983." *Nicholson*, 356 F. Supp. 2d at 163. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) the Supreme Court of the United States established that a municipality becomes subject to Section 1983 liability "when the violation of the plaintiff's federally protected right is attributable to the enforcement or execution of a municipal policy, practice, or custom." *Li v. Connecticut*, No. 3:22-cv-00996 (VAB), 2022 WL 3347220, at *21 (D. Conn. Aug. 11, 2022) (citing *Monell,* 436 U.S. at 694–695); *see also Hernandez v. Conn. Ct. Support Servs. Div*., 726 F. Supp. 2d 153, 156–57 (D. Conn. Nov. 3, 2009) (recognizing that "plaintiffs must show that the official policy, practice or custom was the moving force [behind] the constitutional violation . . . which is to say that it actually *caused* the constitutional deprivation") (emphasis in original) (internal citations and quotation marks omitted).

To demonstrate such a policy, practice or custom, a plaintiff must allege "the existence of '**(1)** a formal policy; **(2)** actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; **(3)** a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers; or **(4)** a failure to properly train or supervise municipal employees that amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.'" *Glossian*, 2026 WL 73709, at *4 (emphasis added) (quoting *Gomez v. City of Norwalk*, No. 3:15-cv-01434 (MPS), 2017 WL 3033322, at *3 (D. Conn. July 17, 2017)); *accord Jenkins v. City of Hartford*, No. 3:22-cv-01289 (KAD), 2024 WL 1157342, at *4 (D. Conn. Mar. 18, 2024). A plaintiff may allege "constructive knowledge" by referencing "prior 'complaints of civil rights violations that would have put defendants

on notice about the propensity of their officers to engage in the kind of misconduct alleged.'"  *Id*. (quoting *Pierce v. Town of Simsbury*, No. 3:20-cv-01766 (VAB), 2022 WL 4291389, at *5 (D. Conn. Sept. 16, 2022); *see also Gomez*, 2017 WL 3033322, at *3. And a plaintiff may allege "deliberate indifference" by referencing "a pattern of similar violations," such that it can "'be said'" that municipal policymakers "'have deliberately chosen a [policy] that will cause violations of constitutional rights.'" *Id*. (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)); *see also Gomez*, 2017 WL 3033322, at *3; *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992) (recognizing that municipalities are liable for failure to train when, "'in light of the duties assigned to specific officers . . . the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need'") (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–390 (1989)).

Hartford argues that the court should dismiss the Section 1983 claim against it because the Complaint offers nothing more than a "formulaic recitation of the elements" set forth by *Monell*.  ECF No. 20-1, at 5–12.  The court agrees.  Although the Complaint alleges the existence of municipal policies, practices, and failures by Hartford to train HPD officers, it does so in wholly conclusory terms.  ECF No. 1, ¶¶ 18–22, 29–34, 42.  The Complaint does not reference any particular policies or widespread practices, any specific acts or omissions by Hartford's policymakers, or any prior complaints or patterns of comparable misconduct by HPD officers.  *Id*.

In his Objection to the Motion to Dismiss, Plaintiff argues that the factual details "required by *Monell . . .*" can be developed through "discovery."[4]  ECF No. 29 at 1–3. However, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the Complaint itself—at the *outset* of this action—contain sufficient factual allegations to support his *Monell* claim.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's speculation as to what discovery *might* reveal about Hartford is insufficient to satisfy Rule 8(a)(2) and survive dismissal under Rule 12(b)(6).  *See Santos v. New York City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012) (recognizing that "the existence of a municipal policy or practice . . . cannot be grounded solely on the conclusory assertions of the plaintiff"); *Jenkins,* 2024 WL 1157342, at *5 (acknowledging that "a municipal policy cannot generally be gleaned from a single incident," including the alleged incident involving a plaintiff bringing a *Monell* claim).

The court therefore dismisses without prejudice the Section 1983 claim against Hartford, meaning that Plaintiff may file an amended complaint containing sufficient factual allegations to state a plausible *Monell* claim. *See Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 571 (S.D.N.Y. 2024) (recognizing that dismissal with prejudice is only appropriate "when the flaws in [the] pleading are incurable") (internal citations and quotation marks omitted).

### C. *State Law Claims*

Having dismissed all of Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under Section 1367, and dismisses them without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

---

[4] Plaintiff did not object to dismissing his claims against HPD.  ECF No. 29, at 1–3.

Additionally, the state law claims against HPD are dismissed without leave to amend in this District, as it is well settled that a municipal police department cannot be sued under Connecticut law.[5]  Under Federal Rule of Civil Procedure 17(b)(3), an entity's capacity to be sued is determined by state law.  *See* Fed. R. Civ. P. 17(b)(3).  Because "[c]ourts in Connecticut have held that the 'Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued,'" *see Rose v. City of Waterbury*, No. 3:12-CV-291 (VLB), 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (quoting *Arteaga v. Town of Waterford*, No. HHDX07CV5014477S, 2010 WL 1611377, at *9 (Conn. Super. Ct. Mar. 16, 2010)), the Complaint is "incurable" as to HPD, *see Diaz-Roa*, 757 F. Supp. 3d at 571.

## IV.    CONCLUSION

For all the foregoing reasons, it hereby is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss is **GRANTED** pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure;

2. The action is **DISMISSED** as to Hartford (with leave to amend) and **DISMISSED** as to HPD (without leave to amend); and

3. If Plaintiff wishes to state a plausible *Monell* claim against Hartford, he **SHALL** file an amended complaint containing sufficient factual allegations therefor, on or before **June 16, 2026.**

---

[5] The United States Court of Appeals for the Second Circuit instructs this court to dismiss state law claims "without prejudice" under such circumstances, "so that the state courts may adjudicate those claims in their entirety if the plaintiff chooses to pursue them in those courts."  *Giordano v. City of New York*, 274 F.3d 740, 755 (2d Cir. 2001); *see also Petaway*, 541 F. Supp. 2d at 510.

9

**IT IS SO ORDERED** at Hartford, Connecticut, on this 20th day of May, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE